KEMNITZER, ANDERSON, BARRON & OGILVIE, LLP
Andrew J. Ogilvie    (SBN 057932)
445 Bush Street, Sixth Floor
San Francisco, CA 94108
Tel:   (415) 861-2265
Fax:   (415) 861-3151

Attorneys for Plaintiff, Cecilia H. Cordero

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA H. CORDERO, | ) Case No. C 06 2529 MJJ |
| Plaintiff, | ) |
| vs. | ) |
| FINANCIAL ASSISTANCE, INC. KEN BAKER, ROBERTY BUHLER, NANCY LONG, EQUIFAX INFORMATION SERVICES, LLC, and EXPERIAN INFORMATION SOLUTIONS, INC., | ) [Proposed] INTERIM PROTECTIVE ORDER GOVERNING ASSERTIONS OF CONFIDENTIALITY AND TRADE SECRET STATUS |
| Defendants. | ) |

This matter has come before the Court on the stipulation of the parties. It appears that the parties anticipate discovery and production of documents which may be the proper subject of a protective order under FRCP 26(c), and that each of the parties will likely seek such protection for information to be produced in discovery. In order to assist in the timely completion of discovery without undue delay or unnecessary motion practice, the Court enters this Interim Protective Order Governing Assertions of Confidentiality and Trade Secret Status.

Confidentiality as a Basis of Non-Disclosure.

Having provided the parties a mechanism for the protection of documents of information of a confidential nature, the parties may not assert the confidential nature or trade secret status of documents as a basis of non-disclosures.

Designation of Confidentiality.

A party responding to requests for production or interrogatories may – acting in good faith – designate the responsive information to that discovery as "CONFIDENTIAL" (hereafter referred to as "information designated as confidential"). That party shall make the designation by producing the information and affixing a stamp conspicuously designating the information as "CONFIDENTIAL." The party making the designation shall serve with the information a log of all *information designated as confidential* and identify the each basis upon which the designation is made pursuant to FRCP 26(c). The failure to designate the information as "CONFIDENTIAL" or provide the log waives any such designation and the material in question is no longer subject to the protection in this Order.

Protection of Information Designated as Confidential.

Any *information designated as confidential* shall be protected as confidential under the terms of this Order until such time as 1) the Court rules on the designation pursuant to a motion by designating party, 2) the designating party waives its assertion of confidentiality expressly in writing, or by failure to file a timely motion for a protective order, 3) the documents are submitted to the Court in connection with a dispositive motion, or 4) the documents are submitted at trial of this matter. At that time, the materials cease to be subject to the protections of this order and the information may be

used in any fashion consistent with other materials obtained through discovery.

Any information which is protected as confidential may only be used in this litigation or litigation of similar cases against the party producing the *information designated as confidential*. This information may only be disclosed to

- Other attorneys appearing in this case.

- Staff, office personnel, consulting attorneys, experts, and consulting experts associated with the attorneys appearing in this case.

- Witnesses.

- Deponents.

- The Court and its personnel

- Court reporters engaged to transcribe the proceedings or discovery in this case.

- Other attorneys working on similar cases against the party having produced the material designated as confidential who have agreed to be bound by this order.

Each person – excepting the Court and its personnel – who receives material subject to the protections of this order shall be given a copy of this order prior to receiving the materials and execute a copy of the acknowledgment attached Exhibit A to this order. No person apart from counsel for the parties to this matter may be provided with any material designated as "CONFIDENTIAL" unless that person has executed that acknowledgment.

Objections to the Designation of Confidentiality.

Within 14 days of receiving information designated as confidential, the receiving party must either object to the designation, or else waive any objection to the designation. A party who objects to the designation shall, within that 14 day period, serve objections to the designation and request in writing a conference to resolve the conflict. The party asserting the designation is responsible for making good faith efforts to arrange that

conference. If the parties cannot resolve the objections to the designation, the party asserting the designation of confidentiality shall move, within 14 days of receiving the objection, for a protective order under Rule 26(c), showing good cause, specific harm arising from the disclosure, and setting forth reasonable restrictions which it requests on the discovery sought. The failure to move for a protective order within that 14 day period waives the designation.

<u>Use of Confidential Materials in Dispositive Motions and At Trial</u>

If any *information protected as confidential* is submitted in connection with a dispositive motion or at trial pursuant to this Order, the information ceases to be protected as confidential as set forth above, but any party may move to seal the Court's record and proceedings and continue the protections of this order.

A party who intends to use any information which is protected as confidential in connection with a dispositive motion or response to a dispositive motion must provide notice of that intent 7 days before submitting any such information to the Court, and identify, as much as reasonably possible, the specific information which that party intends to submit. A party receiving such notice may within that 7 days move to seal the record and proceedings under applicable standards. The failure to provide that notice by a party seeking to use information waives the right to use such information in connection with a dispositive motion and any portions of any court document which contain such information may be stricken.

A party who intends to use any information which is designated as confidential in connection with a trial must identify the document in the joint final pretrial order, along with a separate list of the information which is protected as confidential which that party

will seek to submit. A party receiving such a list may within that 7 days move to seal the record and proceedings under applicable standards.

If a motion to seal the record and proceedings is filed, the party seeking to use the information protected as confidential shall file all documents containing that information under seal and those documents shall remain under seal and the proceedings shall remain under seal until such time as the Court rules on the motion.

The Court will retain jurisdiction over the parties for purposes of enforcement or modification of this order.

SO ORDERED

Dated: __July 18_____, 2006

_____
Hon. Martin J. Jenkins,
United States District Court Judge

Stipulated To By:

| Kemnitzer, Anderson, Barron & Ogilvie | Murphy Pearson Bradley & Feeney |
|---|---|
| By:_____ | By:_____ |
| Andrew J. Ogilvie | Mark E. Ellis |
| Attorneys for Plaintiff, | Attorneys for Defendants, |
| Cecilia Cordero | Financial Assistance, Inc., Ken Baker, Robert Buhler and Nancy Long |
| | |
| JONES DAY | KILPATRICK STOCKTON LLP |
| | |
| By:_____ | _____ |
| Xuan Thu Phan | Guerino John Cento |
| Attorneys for Defendant | Attorneys for Defendant |
| Experian Information Solutions, Inc. | Equifax Information Services, L.L.C. |