UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA H. CORDERO, | No. C-06-2529 MJJ (EMC) |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER SHORTENING TIME** |
| FINANCIAL ASSISTANCE, INC., *et al.*, | |
| Defendants. _____ / | **(Docket No. 33)** |

      Plaintiff Cecilia H. Cordero has filed a motion to compel and for sanctions, *see* Docket No. 32, which she asks be heard on shortened time. Defendant Experian Information Solutions, Inc. opposes the request for shortened time. Having considered the parties' briefs and accompanying submissions, and good cause appearing therefor, the Court hereby GRANTS the motion.

      Experian makes several arguments in support of its opposition, which the Court does not find persuasive. First, Experian contends that, to the extent Ms. Cordero has set a regularly noticed motion for October 20, 2006, that motion is "time-barred" because it was not served until after hours on September 18, 2006. Experian cites no authority for this proposition. General Order No. 45 provides, at the very least, that a document filed prior to midnight on a certain day is considered timely filed that day. In any event, Experian's argument is moot because Ms. Cordero is not asking for a regularly noticed motion hearing. Rather, she is asking for shortened time.

      Second, Experian contends that there are procedural deficiencies with Ms. Cordero's motion for shortened time -- *e.g.*, failing to submit a proposed order and a declaration in support that provides certain information. The failure to provide a proposed order is not significant. It has not

1  placed a burden either on Experian or the Court.  (Ms. Cordero has now belatedly filed a proposed
2  order.)  As for the declaration, while it may not meet every technical requirement of the Civil Local
3  Rules, it provides the reason why shortened time is requested, which is the most important
4  information for the Court to consider.

5       Third, Experian contends that there is no reason for Ms. Cordero to obtain the discovery
6  sought on shortened time.  However, there is a reason, namely, the case management deadlines in the
7  case.  Dispositive motions are set for hearing on November 21, 2006, which means that the opening
8  briefs are to be filed by October 17, 2006, and opposition briefs by October 31, 2006 (assuming a
9  regularly noticed schedule).  If Ms. Cordero's motion to compel is not heard until October 20, 2006
10 (or later) and she prevails on that motion, there will be little time for her to, *e.g.*, take depositions or
11 receive and evaluate documents before the opposition briefs are due.  While Experian points out that
12 no dispositive motions have been filed yet, that is likely because it will not file any such motion until
13 October 17.

14      Finally, Experian contends that Ms. Cordero has misstated its position on the motion to
15 compel.  According to Experian, it will provide all of the discovery identified in the motion.  If,
16 however, that is the case, then there should be no prejudice to Experian if Ms. Cordero's motion to
17 compel is heard on shortened time.

18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

For the foregoing reasons, Ms. Cordero's request for shortened time is granted. However, the Court finds that a hearing on October 4, 2006, is not necessary given the case management deadlines. Instead, the Court shall hold a hearing on the motion to compel on **October 11, 2006, at 10:30 a.m.** Moreover, given Experian's representation that it will provide the discovery sought by September 27, 2006, the Court finds that full briefing on the motion is unnecessary. Instead, the Court orders as follows: The parties shall meet and confer with respect to the issues raised in Ms. Cordero's motion to compel and file a joint letter by **October 4, 2006**, that discusses the results of the meet and confer and what, if any, discovery disputes remain. The parties should use the template attached to this order for their joint letter.

IT IS SO ORDERED.

Dated: September 21, 2006

_____
EDWARD M. CHEN
United States Magistrate Judge

**EXHIBIT 1 -- SAMPLE JOINT LETTER**

[Date]

VIA [METHOD][1]

Honorable Edward M. Chen
United States Magistrate Judge
U.S. District Court
450 Golden Gate Avenue
San Francisco, CA 94102

    Re: [Case number and case name]

Dear Judge Chen:

    The parties have met and conferred regarding several discovery disputes. The meet and confer took place on [date], with the participation of [Plaintiff's attorney], representing Plaintiff, and [Defendant's attorney], representing Defendant. The meet and confer was [in person or over the telephone] and lasted approximately [minutes or hours].

### I.    RESOLVED DISCOVERY DISPUTES

    The parties reached agreement on several discovery disputes. Those agreements are as follows:

[Description of Agreement No. 1.]

[Description of Agreement No. 2.]

[Description of Agreement No. 3, etc.]

### II.    REMAINING DISCOVERY DISPUTES

    The parties were not able to reach agreement on the remaining discovery disputes. Those remaining disputes and the parties' respective positions are provided below. Copies of the relevant discovery requests and responses are attached as Exhibits [numbers].[2]

A.    [Dispute No. 1]

---

[1] Note for Counsel: The Court may request a courtesy copy of the joint letter to be faxed to chambers. If so, counsel should still file a copy of the joint letter with the Clerk of the Court. The letter faxed to chambers is a courtesy copy only. *As a general matter, parties may not fax any papers to the Court without prior leave of the Court.*

[2] Note for Counsel: Unnecessary exhibits should not be attached.

|     |    |                                          |
| --- | -- | ---------------------------------------- |
|     | 1. | [Position of Party Seeking Discovery][3] |
|     | 2. | [Position of Party Opposing Discovery]   |
| B.  | [Dispute No. 2]                               |
|     | 1. | [Position of Party Seeking Discovery]    |
|     | 2. | [Position of Party Opposing Discovery]   |
| C.  | [Dispute No. 3]                               |
|     | 1. | [Position of Party Seeking Discovery]    |
|     | 2. | [Position of Party Opposing Discovery]   |
| D.  | [Dispute No. 4, etc.]                         |
|     | 1. | [Position of Party Seeking Discovery]    |
|     | 2. | [Position of Party Opposing Discovery]   |

Sincerely,


[Plaintiff's counsel]                                   [Defendant's counsel]
Attorney for Plaintiff                                  Attorney for Defendant

---

[3] Note for Counsel: Each party's position should be stated succinctly (*e.g.*, in one paragraph). The purpose of the joint letter is to inform the Court of the essence of the dispute in lieu of full briefing. The Court may order full briefing and/or a hearing if necessary.