UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA H. CORDERO, | No. C-06-2529 MJJ (EMC) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER** |
| EXPERIAN INFORMATION SOLUTIONS, INC., *et al.*, | **(Docket No. 41)** |
| Defendants. | |

Defendants Experian Information Solutions, Inc., et al. ("Experian") moves for the court to issue a protective order over certain administrative reports and dispute response logs produced in the course of discovery by Plaintiff Cecilia H. Cordero ("Cordero"). This Court, having reviewed the briefs filed by counsel and the record in this case, as well as having considered the oral arguments of counsel, **GRANTS** Experian's motion to the extent that it requires the protected documents to be filed under seal and according to the conditions regulating "Confidential" documents under the standing interim protective order.

Federal Rule of Civil Procedure 26(c)(7) provides, in relevant part:

> "Upon motion by a party or by a person from whom discovery is sought . . . and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one of more of the following: (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in designated way
> . . . .

1  The moving party has the burden of establishing both that the documents for which they seek
2  protection include matters appropriate for protection and that there is "good cause" to grant
3  protection. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130-31 (9th Cir. 2003). "For
4  good cause to exist, the party seeking protection bears the burden of showing specific prejudice or
5  harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. General Motors*
6  *Corp.*, 307 F.3d 1206, 1210-1211 (9th Cir. 2002). "If a court finds particularized harm will result
7  from disclosure of information to the public, then it balances the public and private interests to
8  decide whether a protective order is necessary." *Id.* at 1211.

9  Experian alleges that the administrative reports and dispute resolution logs at issue contain
10 the outputs of their "confidential and proprietary" credit reporting system, Find Consumer, in the
11 form of confidential codes. Experian claims the development and use of "Find Consumer" is the
12 core of their business. Experian also claims the codes at issue are not voluntarily disclosed and that
13 it limits access to information within its own corporate structure to protect the secret design of Find
14 Consumer. The Court is satisfied that the output of Find Consumer embodied in the administrative
15 reports and dispute response log containing various internal codes and fields constitutes the type of
16 confidential information not normally available to the public, and thus meets the first element under
17 Rule 26(c)(7).

18 The question is whether there is a sufficiently specific showing of harm to constitute "good
19 cause" to grant the protection. Experian fears that the documents at issue could aid their competitors
20 and those intent on undermining the credit reporting industry in reverse engineering Find Consumer.
21 Experian alleges that one could reverse engineer Find Consumer if enough of its code outputs were
22 made available. Experian stipulates that the documents at issue alone would not be sufficient to
23 reverse engineer Find Consumer, but claims that an extensive release of such documents would. It
24 appears to this Court that Experian's alleged harm seems remote. However, the Court is persuaded
25 by the fact that at least one other court (the only court that has adjudicated this issue) has granted
26 protection of Experian's administrative reports and dispute response logs for the same reasons urged
27 here. *See Vidal v. Experian Information Solutions, Inc., et al.*, 2005 WL 281200 (E.D.Pa.). The
28 result reached is *Vidal* appears reasonable. In balancing the potential harms and interests, this Court

notes it is merely requiring the documents at issue be filed under seal, not that they be excluded from discovery. There appears to be little private or public interest that would be impaired. Cordero argues that having to file the relevant documents under seal will prove burdensome. However, this Court is requiring nothing more then the treatment of these documents as "Confidential" pursuant to the already existing interim protective order. The inconvenience of filing these particular exhibits under seal is slight. Cordero identifies no substantive harm to its litigation position. Although there is a common law right of access to documents filed in civil cases, *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 659-60 (3rd Cir. 1991), the documents in question here would appear to contain matters that are of little public interest, especially when compared to the materials and briefs herein otherwise available to the public.

    The Court thus finds that there are no private or public interest against a protective order which outweighs Experian's interest (even though somewhat remote) in preserving the confidentiality of the reports at issue.

    Experian's motion is granted. This order disposes of Docket No. 41.

    IT IS SO ORDERED.

Dated: November 14, 2006

_____
EDWARD M. CHEN
United States Magistrate Judge

3